UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| COLEEN M. BROWN, ) | |
|     ) | |
|     Plaintiff, ) | |
|     ) | |
| v.  ) | CAUSE NO.: 1:03-CV-472-TS |
|     ) | |
| DIAL-X AUTOMATED EQUIPMENT, ) | |
| INC., and MICHAEL KATZ, ) | |
|     ) | |
|     Defendants. ) | |

**OPINION AND ORDER**

On December 8, 2003, the Plaintiff, Colleen Brown, sued the Defendants, Dial-X Automated Equipment, Inc., and Michael Katz, in Noble Superior Court under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. for sexual harassment, constructive discharge, and retaliation The Plaintiff also alleged that the Defendant withheld rent money from her weekly paycheck and that this withholding was an unlawful wage assignment under Indiana Code § 22-2-6-1 et seq. On December 19, 2003, the Defendants removed the case to this Court. The issue this Court must address, before moving forward on the wage claim, is whether it has subject matter jurisdiction over this state claim under the doctrine of supplemental jurisdiction.

**BACKGROUND**

On November 10, 2004, the Defendants moved for summary judgment on all the Plaintiff's claims. The Plaintiff filed her own Motion for Partial Summary Judgment on November 12, 2004, on the wage assignment claim. On February 2, 2005, the Court ruled on the cross motions for summary judgment on the Indiana wage claim. The Court found that Dial-X's weekly deduction

from the Plaintiff's paycheck for rent that the Plaintiff owned to Michael Katz was an improper wage assignment under Indiana Code § 22-2-6-1, but that the Plaintiff was not entitled to treble damages and attorney's fees under Indiana Code § 22-2-5-2. On March 15, 16, 17, and 18, the sexual harassment claim was tried to a jury, which found in favor of the Defendant.[1]

In a post-trial status conference, conducted on March 24, 2005, the Court expressed its concern that, despite ruling on the cross motions for summary judgment, it never had subject matter jurisdiction over the wage claim under the supplemental jurisdiction statute, 28 U.S.C. § 1367. The statute provides, in part, that

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case of controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). The statute also sets forth circumstances where the Court may decline to exercise supplemental jurisdiction over a claim that falls under subsection (a). *See* 28 U.S.C. § 1367(c).

The Court invited the parties to submit briefs discussing the Court's jurisdiction. The Plaintiff filed a brief on April 5, 2005, and the Defendants filed a brief on April 11, 2005. Both parties present reasons in support of the Court exercising its discretion to retain jurisdiction of the state claim under subsection (c). The parties argue that judicial economy is best served by retaining the case. In making their arguments, however, the parties assume, without analysis, that the Court had subject matter jurisdiction, under subsection (a), when the case was removed to federal court.

The Court agrees that if it has subject matter jurisdiction, the expenditure of judicial

---

[1] The retaliation and constructive discharge claims were dismissed on summary judgment.

2

resources on the wage claim weighs against remanding it to state court. However, the Court cannot keep a claim over which it has no jurisdiction. Therefore, the Court must first determine whether it has supplemental jurisdiction over the Indiana wage claim.

**DISCUSSION**

This Court can only exercise jurisdiction over the Plaintiff's wage claim if it is part of the same case or controversy as the Title VII claims. 28 U.S.C. § 1367(a). In other words, the state and federal claims must derive from a common nucleus of operative fact. *Ammerman v. Sween,* 54 F.3d 423, 424 (7th Cir.1995). "A loose factual connection between the claims is generally sufficient" to meet this requirement. *Id.*

In support of her Title VII claims, the Plaintiff alleged that her work environment at Dial-X was hostile because Michael Katz, her supervisor and the owner and president of Dial-X, directed sexual comments to her and, on at least two occasion, touched her. She maintained that the harassment took place throughout the length of her employment from late 1999 to April 2003. The Plaintiff also alleged that things were made harder on her at work because she reported and opposed Katz's harassment. The Plaintiff claimed that this was unlawful retaliation and that she was constructively discharged when working conditions became so intolerable that she was forced to resign.

> The last paragraph of the Plaintiff's Complaint is devoted to the wage assignment claim.
>
> Defendant took rent out of Plaintiff's pay check each week, without proper forms and procedures as provided for in I.C. § 22-2-6-1 *et seq.*; Defendant is liable to the Plaintiff for improper withholding of wages, liquidated damages, prejudgment interest, attorney's fees and other damages as set forth in the statutes.

(Comp., ¶ 10.) The Plaintiff did not allege that the Defendant withheld the rent payment from her

3

wages because of her sex or in retaliation for making complaints of sexual harassment. The Plaintiff did not mention the wage assignment in her EEOC Charge, which was incorporated into the Complaint. She did allege in the Charge, however, that shortly after an incident of physical touching in 2000, the Defendant told the Plaintiff that she was sitting in his hand. He then closed his hand and asked the Plaintiff if she realized that he controlled her job and her home and that he could make it so she did not have any of them. The Plaintiff submitted that she took this to mean that if she complained, she would lose her job and her home.

This threat provides the only potential connection between the Title VII claim and the wage claim. But even this assertion relates more to the Plaintiff renting a house from Katz than to her rent payments being taken out of her paycheck. There is no mention of this payment arrangement in relation to the claim that Katz threatened the Plaintiff. Nor did the Plaintiff suggest at any point in the litigation that she endured the working conditions for the length of time that she did because of this payment arrangement.

The Court finds that the federal and state claims are not sufficiently related to confer supplemental jurisdiction on this Court. This conclusion is supported, not only by the clear language of the statute, but by case law.

In *Eager v. Commonwealth Edison Co.*, 187 F. Supp. 2d 1033 (N.D. Ill. 2002), the Plaintiff alleged that she was sexually harassed by her co-workers and supervisors in violation of Title VII and also asserted state law claims stemming from an electrocution injury she received at work. She alleged that the injury was caused by the employer compelling her to work when she was exhausted from working 23 ½ hours the previous day. The Plaintiff made no suggestion that her employer compelled her to work excessively long hours, and thereby incur the injury, as a form of sex

4

discrimination. There was no suggestion that the electrocution was in any way related to the Plaintiff's Title VII claims except by way of temporal coincidence. *Eager*, 187 F. Supp. 2d at 1040. The Court noted that, while it may have been inhumane to insist that the plaintiff work on the line when she was exhausted, "the federal discrimination laws do not prohibit oppressive employment practices, if they are not imposed because of the plaintiff's membership in a protected category." *Id.* The state claims related to the electrocution were dismissed for lack of subject matter jurisdiction. *Id.*

Like the claims in *Eager*, the Plaintiff's wage claim does not arise out of the same facts as the Title VII claims. *Cf. Ammerman v. Sween*, 54 F.3d 423, 425 (7th Cir. 1995) (finding that the facts underlying the tort claims were "highly relevant to the determination of whether appropriate remedial action" was taken by the employer in the plaintiff's Title VII case). There is no suggestion in this case that the wage claim is related to the Title VII claims. The federal claims arise out of Katz's sexual comments and conduct, the company's response to the Plaintiff's complaints, and any adverse employment action taken in response to the Plaintiff's complaints. The state claim arises out of whether the decision to take the Plaintiff's weekly rent payment out of her paycheck was done without the proper forms and procedures required by Indiana Code § 22-2-6-1 et seq.

Neither claim is affected by the other. Even if the assignment of the Plaintiff's wages was not in accordance with state law, this violation would not impact the Title VII claims. The facts regarding the wage assignment have no relevance to a determination of whether the Defendant was liable under Title VII for a hostile work environment, retaliation, or constructive discharge. In fact, the Title VII claims would have been unaffected if the wage claim was dismissed before trial. *See Eager v. Commonwealth Edison Co.*, 187 F. Supp. 2d 1033, 1040 (N.D. Ill. 2002) (reasoning that

5

the claims were too attenuated because the federal claim "would be unaffected" if the state claims were dismissed); *cf. Ammerman*, 54 F.3d at 425 (finding that supplemental jurisdiction existed because "without reference to the facts surrounding the assault, there could have been no sexual harassment claim against the employer"). As already noted, the only mention of the Plaintiff's living situation (renting a house from Katz) in connection with her Title VII claims, had nothing to do with the manner in which she paid rent (out of her paycheck). The claims do not share operative facts and supplemental jurisdiction is not proper.

While the Court appreciates the parties' desire to have this Court resolve the state claim (after all, the parties filed cross motions for summary judgment and the Court issued an order on the merits), federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute and this power cannot be expanded by judicial decree. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because this Court never had, and continues to be without, subject matter jurisdiction to hear the supplemental claim, the wage claim is remanded to the Noble Superior Court. The Court's Order ruling on the cross-motions for summary judgment on the wage claim must be vacated, as the Court was without authority to enter the Order.

The Court notes that, on remand, the parties' duplication of efforts should be limited. Discovery is complete and the parties' briefs in support of summary judgment on the wage claim have been drafted. A state court will most likely be able to decide the legal issue, which depends solely on state law, in an efficient manner.

**CONCLUSION**

For the foregoing reasons, the Court **REMANDS** the remaining state claim to the Noble Superior Court. The Court also **VACATES** its Order of February 2, 2005, [DE 32]. Final judgment will be entered in favor of the Defendants and against the Plaintiff on the Title VII claims.

**SO ORDERED** on April 29, 2005.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT